Angelo BERTOLUCCI, et al., Plaintiffs,

v.

SAN CARLOS ELEMENTARY
SCHOOL DISTRICT,
Defendant.

No. C–88–0454 DLJ.

United States District Court,
N.D. California.

April 27, 1989.
On Motion for Rehearing July 25, 1989.
As Amended Nov. 13, 1989.

Lawrence Siegel substituted for Kathryn E. Dobel, Berkeley, Cal., for plaintiff.

Stephen Toben, San Mateo County Counsel, Redwood City, Cal., for defendant.

## ORDER

JENSEN, District Judge.

On March 28, 1989, this Court heard defendant's motion for summary judgment. Stephen Toben appeared for defendant. Lawrence Siegel appeared for plaintiffs. For the following, reasons, this Court GRANTS defendant's motion.

### I. BACKGROUND FACTS

Plaintiff Angelo Bertolucci attended Heather School, in the San Carlos Elementary School District, from kindergarten through fifth grade. Angelo, a thirteen year old male, suffers from a learning disability known as dyslexia. This disability, the severity of which is disputed, made Angelo eligible for special education services.

Throughout first and second grade, Angelo received speech and articulation therapy, but indicated no exceptional academic difficulties and performed in the average range. However, at the end of third grade, Angelo's poor progress in reading and writing led his teachers to recommend special testing.

An Individual Education Program (IEP) team meeting was convened, in June 1985, to review Angelo's needs for special education. I.Q. testing, in the Fall of 1985, disclosed a discrepancy between Angelo's intellectual ability and his academic achievement in reading, spelling, and writ-

ing. This discrepancy qualified Angelo for one hour per day of special education services in the Heather School Resource Specialist Program (RSP).[1]

An IEP was prepared containing concrete goals for Angelo in his areas of weakness. Angelo's parents participated on the IEP team and indicated their approval of its goals and objectives as well as placement in the RSP class. Angelo was enrolled in the RSP class for one period in the fourth and fifth grades.

Angelo's academic achievement levels were measured, in November 1986, one year after entry into the RSP program. The staff reported progress and test results showed a full years growth in reading, spelling, and math. On the new IEP dated November 11, 1986, the IEP team wrote that "progress is seen in all areas." Angelo's mother expressed no dissatisfaction with her son's progress and signed her approval to the IEP.

On April 22, 1987, the IEP team convened to prepare a transition program for Angelo from Heather School to Middle School. Angelo, his mother, and staff from both schools attended the meeting. The team reviewed Angelo's April 8 performance on the Spache Diagnostic Reading Scales, which found him functioning at a 6.5 grade level in oral reading comprehension and at a 6.5 plus level in silent comprehension. Angelo scored a year above his grade level.

The IEP team reported "very good progress in reading skills, with lingering weakness in language skills." The team recommended placement in Middle School's RSP for one period, with a review of progress after the first quarter to determine if a transition program or phase out of the RSP would be appropriate. Although Angelo's mother signed her approval to the updated IEP, she now states that she did so only because, at the time, she did not know she could refuse to sign and insist on increased services.

In the meeting, Angelo's mother informed the IEP team that she intended to enroll her son in a summer session at the Charles Armstrong School, a private school. Pleased with the program, Angelo's parents re-enrolled him for the 1987–88 school year. Angelo continues to attend Charles Armstrong School.

Angelo's parents subsequently approached defendant about funding his private placement. Defendant denied this request, but offered to provide Angelo with two periods of RSP. Angelo's parents rejected the compromise and requested an administrative hearing to resolve the dispute.

On December 11, 1987, the hearing officer issued his decision, denying plaintiff's request for placement at Charles Armstrong and reimbursement for tuition. The hearing officer concluded that defendant's RSP class at Middle school is appropriate to meet plaintiff's special educational needs, and that plaintiff should therefore not be placed at Armstrong at public expense. Defendant was ordered to provide placement in its RSP in Middle School.

## II.  LEGAL FRAMEWORK OF THE ACT

This case arises under the Education for All Handicapped Children Act (the Act), codified at 20 U.S.C. § 1400 *et seq.* The Act provides federal money to assist state and local agencies in educating handicapped children, and conditions such funding upon State compliance with goals and procedures. In order to qualify for federal assistance under the Act, a State must demonstrate that it "has in effect a policy that assures all handicapped children the right to a free appropriate public education." 20 U.S.C. § 1412(1). The "free appropriate public education" required by the Act is tailored to the needs of handicapped children by means of an IEP. 20 U.S.C. § 1401(18).

Compliance with the Act is assured by provisions permitting the withholding of

---

**1.** The San Carlos School District serves 211 students in special education, 110 of whom attend RSP classes.

federal funds upon a determination that a participating state or local agency has failed to satisfy the requirements of the Act, and by a provision for judicial review. 20 U.S.C. §§ 1414(b)(2)(A), 1416. Additionally, if no appropriate public education program is made available, the Act entitles a child to private school funding at public expense. Cal.Edu.Code § 56365(a).

Plaintiffs' complaint alleges that Angelo has been denied his right to a free and appropriate public education. Plaintiffs maintain that defendant's RSP program is inadequate to meet Angelo's needs. Plaintiffs seeks funding for private school placement at defendant's cost and reimbursement for education costs already expended to meet Angelo's needs.

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on grounds that the ultimate issue in this case, namely, whether the school district provided Angelo with appropriate public education, is undisputed. Defendant argues that it is entitled to summary judgment as a matter of law because the court should uphold the agency's finding that the methodology offered in the San Carlos Special Education Program is appropriate to meet Angelo's needs, and because plaintiffs have failed to offer any competent evidence contradicting the agency's decision and satisfying their burden of proof on summary judgment.

The Court agrees that defendant will be entitled to summary judgment if the agency's decision is free of any factual or legal error, and if plaintiffs fail to offer any additional, admissible evidence establishing that genuine issues of fact remain for trial. Before addressing these two issues, however, the Court will first consider whether summary judgment is even appropriate in this case.

### IV. APPROPRIATENESS OF SUMMARY JUDGMENT

■ The ultimate issue in this case is whether the public school district provided Angelo with free appropriate public education. This issue raises a mixed question of law and fact. *Gregory K. v. Longview School District*, 811 F.2d 1307, 1310 (9th Cir.1987). Any hesitancy by the Supreme Court or Ninth Circuit to grant summary judgment on mixed questions of law and fact can be explained as being based on a judgment that the record has not been sufficiently developed to allow a fully informed decision on an outcome determinative issue. W. Schwarzer, *Summary Judgment under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 475 (1983).

Cases brought under 20 U.S.C. section 1415(e) are unusual in that an ample administrative record is placed before the district court for review. Since a 400 page hearing transcript, 27 exhibits, and the hearing decision, are available to the Court in this case, the concern articulated by the courts is not present.

Additionally, summary judgment is appropriate because there are no historical facts in dispute that relate to whether the district's program is appropriate for Angelo, and the resolution of this ultimate fact does not turn on an assessment of witness credibility or demeanor. *Id.* at 476. Although differences do exist between the experts, the differences concern judgments, opinions, and conclusions, and do not implicate credibility or demeanor. A trial is therefore unnecessary and summary judgment is therefore appropriate in this case. *See id.* at 478–79.

### V. DEFERENCE TO AGENCY'S DECISION

#### A. *Scope of Judicial Review*

■ In reviewing the complaint, the Act provides that a court "shall receive the record of the [state] administrative proceedings, shall hear additional evidence at the request of the party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(e)(2).

The parties sharply disagree over the meaning of this provision. Defendant ar-

gues that this Court should defer to the state educational agency's decision, but concedes that the question of how much deference to give is a decision left to the discretion of the Court. Plaintiffs contend that this Court should consider additional evidence, not simply defer to the findings of the administrative hearing officer, and act upon its continuing obligation to review *de novo* the decision below.

*Hendrick Hudson Bd. of Ed. Dist. v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), is the seminal decision on the scope of judicial review under the Act. According to *Rowley,* a court can ask only: (1) whether the State has complied with procedures set forth in the Act,[2] and (2) whether the IEP is reasonably calculated to enable the child to receive educational benefits.[3] *Id.* 102 S.Ct. at 3051. "If these requirements are met the State has complied with the obligations imposed by Congress and the courts can require no more." *Id.*

*Rowley* rejected the argument that section 1415(e)(2) gives district courts broad powers to overturn decisions regarding the selection of programs for the handicapped. *Rowley* noted that the provision that a reviewing court base its decision on the preponderance of evidence is not an invitation for courts to substitute their notions of sound educational policy for those of the school authorities which they review. *Id.* The Court reasoned that the requirement that courts receive the record below impliedly requires courts to give due weight to the administrative proceeding. *Id.*

Thus, under *Rowley,* this Court's inquiry is two-fold. First, did the school district create an IEP for Angelo, which complies with the requirements of the Act? Second, is the RSP class reasonably calculated to enable Angelo to receive passing marks and to advance from grade to grade? Since the parties do not dispute that an IEP

**2.** *Rowley* clarifies that this inquiry requires a court to determine whether the state has created an IEP for the child which conforms with section 1401(19). *Id.* at 3051 n. 27.

**3.** *Rowley* notes that if the handicapped child is being educated in regular public school classes,

was in place, this Court will only assess the appropriateness of defendant's RSP in terms of the results that it achieved.

**B. *Appropriate Public Education***

1. The San Carlos RSP Class

◼ The San Carlos RSP class is based on an integrative and individualized methodology for educating the learning disabled child. It places a premium on maximizing the mildly handicapped child's integration into the regular curriculum in order: (1) to fulfill the section 1412 mandate that handicapped children be educated with non-handicapped children "to the maximum extent appropriate;"[4] and (2) to maintain maximum progress toward mastery of mainstream curriculum. It also stresses an individualized curriculum in order to meet the unique goals and objectives of the child's IEP.

Angelo's IEP indicated placement in a RSP class for one to two periods a day. The RSP class had 4 to 6 students with one teacher and one aide. The RSP teacher worked with Angelo on rules of spelling, syllabication, and on developing written language through regular class assignments. The RSP teacher regularly employed multisensory techniques, though not to the exclusion of other approaches that worked for Angelo.

Angelo spent the remainder of his time in a regular education classroom, where he studied all customary academic subjects. The focus of the regular program was developing Angelo's understanding of academic subject matter and concepts. However, the regular education teacher worked closely with the RSP teacher, and adapted the mainstream curriculum to his RSP program. These adaptations included grading Angelo's written work for content rather than grammar, and sending him to the RSP teacher for help with proofreading and re-

"the achievement of passing marks and advancement from grade to grade will be an important factor in determining educational benefit." *Id.* at 3051 n. 28.

**4.** *See* 20 U.S.C. § 1412(5).

port assignments. There was constant communication between the resource specialist and the classroom teacher in order to monitor Angelo's progress.

Although San Carlos has a special day class available for students with serious educational deficits, defendant determined this class would be too restrictive for Angelo. The teachers in this special class utilize a variety of multisensory teaching approaches. The teachers in the RSP class rely less heavily on such an approach.

Plaintiffs' objections to the San Carlos program is based on the assumption that Angelo requires a multisensory approach to reading and language, and that the techniques utilized in the RSP classes do not meet the criteria for multisensory. Plaintiffs' contend that the Charles Armstrong school provides an appropriate multisensory program for Angelo. Armstrong uses a multisensory approach continuously throughout the day. San Carlos only utilizes this approach during RSP classes.

### 2. Agency's Decision

The administrative hearing was conducted by the four-person Special Education Unit at the Office of Administrative Hearings. As required by California Education Code section 56505(b), these hearing officers are under contract with the California Department of Education, and are knowledgeable in laws governing special education and administrative hearings. Cal. Educ.Code § 56505(b). The hearing lasted for two days. Angelo's parents, his sixth grade teacher at Armstrong, the lower school coordinator at Armstrong, and Dr. Mair, an expert who critiqued the San Carlos program, testified for plaintiffs. Defendant presented testimony from the District's Director of Education, plaintiff's fifth grade teacher, the school psychologist, and two resource specialists, who described the RSP class.

The hearing officer found that Angelo: (1) experienced only mild auditory and visual processing deficits; (2) did not have an inability to do the work; (3) had some instances of inattention, but that this is not considered abnormal for students in general (4) progressed in all areas at San Carlos and achieved one years growth in each academic year; and (5) at the end of the fifth grade, had a desire and motivation to do better and succeed, and to find the necessary information in the text.

The hearing officer further found: (1) that the RSP class appropriately implements Angelo's IEP; (2) that although Angelo does benefit from a multisensory approach, he does not require a multisensory approach for the entire school day; and (3) that he is capable of benefitting from regular classes and does not require a multisensory approach to instruction.

Although acknowledging concerns expressed by Angelo's parents regarding his progress at San Carlos, the hearing officer concluded that the evidence did not show that Angelo's educational deficits required anything more than the speech and articulation therapy or the one period RSP class, which was later provided. The hearing officer noted that Angelo had been making appropriate progress in the RSP at Heather and concluded that the evidence shows he can continue to do so. Based on the finding that appropriate public school placement was available, the hearing officer denied plaintiffs' request for non-public school funding.

### C. Review of Agency's Decision

This Court accepts the agency's decision that the San Carlos RSP class, in conjunction with the specially modified regular classroom curriculum, provided Angelo with appropriate public school education. Complete deference is warranted because the agency's decision is, for the following three reasons, free of any factual or legal error.

First, under *Rowley*, this Court can only question whether Angelo's IEP was reasonably calculated to enable him to receive passing marks and to advance from grade to grade. The hearing officer's finding that Angelo progressed in all areas at San Carlos, and achieved one years growth in each academic year, answers this precise question. This finding is also supported by a preponderance of the evidence.

Angelo's report cards indicate that he received average, satisfactory grades, and never any failing marks. *See* Admin. Hearing, Exh. 24. Angelo progressed strongly from grade to grade. *See* Admin. Hearing, Exhs. 10, 11, 14. His performance on the Spache Diagnostic Reading Scales, before his scheduled transfer to Middle School, found him functioning at a 6.5 grade level in oral reading comprehension and at a 6.5 plus level in silent comprehension, fully a year above his grade level. *See* Admin. Hearing, Exh. 28.

Second, plaintiffs' argument that Angelo achieved better results at Charles Armstrong does not impact the appropriateness of the educational program offered at San Carlos. The hearing officer was correct in focusing primarily on the District's placement, rather than on the alternative that the family prefers. *Gregory K. v. Longview School Dist.*, 811 F.2d 1307, 1314 (9th Cir 1987). Even if a totally multisensory approach were better for Angelo, that would not necessarily mean that the District's placement was inappropriate.

An appropriate public education does not mean the absolutely best or the most potential maximizing education for the individual child. *Rowley, supra,* 102 S.Ct. at 3046 n. 21. Defendant is obliged only to provide handicapped children with access to a "basic floor of opportunity" through a program individually designed to benefit them. *Id.* at 3047–48. Defendant fulfilled this obligation by providing placement reasonably calculated to benefit Angelo.

Third, plaintiffs' argument that this Court should not defer to the agency's decision because the hearing officer failed to address the higher state standard of appropriateness, under California Administrative Code section 3001(b), is unsound. Section 3001(b) defines appropriate education by stating that the IEP "shall provide the equal opportunity for each individual with exceptional needs to achieve his or her full potential, commensurate with the opportunity provided other pupils." Cal. Admin.Code § 3001(b). However, *Rowley* made very clear that equal protection only requires a basic floor of opportunity, not

the maximization of full potential. Defendant correctly points out that in the seven years since *Rowley* was decided, no California administrative or judicial decision ever departed from the *Rowley* standard.

Since the Agency's decision is supported by a preponderance of the evidence and is based on a sound application of applicable law, this Court accepts the decision completely. The Court notes, however, that deference is particularly appropriate in this case because the issue of the whether the district's program was appropriate for Angelo raises questions of educational methodology and programming.

The Court cannot and will not accept plaintiffs' invitation to pick between the competing methodologies of the San Carlos and Armstrong schools. The Act, leaves to the states, not to the courts, the primary responsibility for developing an appropriate educational plan and choosing appropriate educational methods. Furthermore, this Court "lacks the specialized knowledge and experience necessary to resolve difficult questions of educational policy." *Id.* (citing *San Antonio Indep. School Dist. v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 1301, 36 L.Ed.2d 16 (1973)).

Since defendant has satisfied the requirements of the Act, it is proper to defer to the educational agency's determination that the San Carlos methodology is appropriate for Angelo.

## VI. PLAINTIFFS' FAILURE OF PROOF ON SUMMARY JUDGMENT

As previously discussed, defendant will be entitled to summary judgment only if the agency's decision is free of any factual or legal error, and if plaintiffs fail to offer any additional, admissible evidence establishing that genuine issues of fact remain for trial. Having addressed the former issue, the Court will now consider whether plaintiffs have satisfied their burden of proof on summary judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and ad-

missions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c).

▮ In a motion for summary judgment, the moving party bears the initial burden of "identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issue of material fact." *T.W. Electrical Services, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Defendant has carried this burden by presenting to the Court the record below and the agency's decision that San Carlos provided Angelo with appropriate public education

However, once the moving party meets its burden, the nonmoving party may no longer rely on allegations in the pleadings to preclude summary judgment. 809 F.2d at 630. Instead, the nonmoving party must set forth, by means provided in Rule 56, specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). Plaintiffs have failed to satisfy their burden of proof, under *Celotex*, for the following reasons.

▮ The crux of plaintiffs' opposition is that summary judgment is not appropriate because the severity of Angelo's dyslexia, and therefore the required intensity of remediation, is in dispute. Plaintiffs' contentions are nullified by their failure to offer any supporting evidence.

Plaintiffs offer only the conclusion that Angelo's dyslexia "is worse than mild;"[5] or "probably a little more than average at [the] school,"[6] and "is very difficult to remediate."[7] In opposing a motion for summary judgment, however, plaintiffs must offer admissible evidence, and not simply the conclusions of their experts lacking any evidentiary foundation. Under *Celotex*, plaintiffs must set forth specific facts showing that genuine issues of fact remain for trial. 106 S.Ct. at 2553.

Although plaintiffs' counsel promises in her declaration to deliver at trial evidence that Angelo's dyslexia is in the moderate rather than mild range, and that the school district's program is therefore unsuitable, this is also insufficient. Plaintiffs cannot avoid summary judgment by withholding their expert evidence and simply stating that they will discredit defendant's evidence at trial. Plaintiffs have had adequate time for discovery and, must, at this stage of the proceedings, produce at least some significant probative evidence tending to support their claim. *T.W. Electrical Service*, 809 F.2d at 630 (citing *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)).

Contrary to plaintiffs' conclusionary contentions, however, the evidence in this case shows that Angelo's learning disability is mild and that Angelo made significant progress during the period in which he was enrolled in the district's RSP class. As discussed above, the agency's decision, issued after a 2–day hearing, that Angelo's auditory, visual, and language deficits are mild, and that the district offered appropriate public school placement for Angelo, is supported by a preponderance of evidence. Plaintiffs have not offered any competent evidence to place this decision in dispute and therein demonstrate that genuine issues of fact remain for trial. However, even assuming *arguendo* that Angelo's dyslexia is moderate, plaintiffs have also failed to offer any admissible evidence demonstrating that the RSP class, in which

---

5. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Exh. A. Shirley Trettens, M.A., made this statement during her deposition.

6. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Exh. A. John Osner, made this statement during his deposition. John Osner is Angelo's former teacher at Armstrong school.

7. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Exh. A. Shirley Trettens, M.A., of the Children's Health Counsel, made this statement during her deposition. She also stated, however, that her research shows that 63% of the students have this type of problem.

Angelo successfully participated, would not be responsive to his needs.

## VII. CONCLUSION

Since the agency's decision does not contain any factual or legal errors, and since plaintiffs have not offered any additional, admissible evidence to show that genuine issues of fact remain for trial, this Court defers completely to the agency's decision and grants the motion for summary judgment.

IT IS SO ORDERED.

## ORDER

### ON MOTION FOR REHEARING

On June 28, 1989, this Court heard plaintiffs' motion for rehearing of motion for summary judgment. Kathryn Dobel appeared for plaintiffs. Stephen Toben appeared for defendant. For the following reasons, this Court DENIES the motion for rehearing.

## I. DISCUSSION

On April 27, 1989, ruling on defendant's motion for summary judgment, this Court entered judgment in favor of defendant. Plaintiffs now move for a rehearing of the motion for summary judgment, under Federal Rule of Civil Procedure 59(e), which governs the altering or amendment of judgments, "serves the function of allowing a party to seek to have the trial court correct errors, both of fact and law...." 6A *Moore's Federal Practice* ¶ 59.03 (2d ed.1987).

Plaintiffs move for a rehearing on grounds that: (1) the Court was not made aware of certain facts particularly important to the case by substitute counsel; (2) the Court failed to address certain issues in its decision; (3) defendant did not meet its burden under summary judgment; and (4) the Court failed to exercise independent judgment in reviewing the administrative proceeding.

### A. *Failure of Substitute Counsel to Discuss Certain Facts*

■ Oral argument on defendant's motion for summary judgment took place on March 28, 1989. Although personal grounds existed which could have supported a continuance of this hearing to a later date, plaintiffs did not ask for a continuance and proceeded to the hearing with substitute counsel.

Because of the substitution, plaintiffs' counsel now claims "that the Court was not made aware of certain facts particularly important to this case at the time of argument herein, and I therefore request the opportunity to be heard on my clients behalf before the Court summarily decides the case." Decl. of K. Dobel at 4.

Plaintiffs' argument is not persuasive, since plaintiffs willingly engaged substitute counsel at argument, and voluntarily chose not to seek a continuance. Nevertheless, plaintiffs' failure to sustain their burden under *Celotex Corp. v. Cattrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986), lies not in the statements made in the course of oral argument, but in the content of their opposition papers, which were prepared before any cause for a continuance existed.

The new expert evidence that plaintiffs seek to offer, which purports to demonstrate issues of fact related to a period between the time of the administrative hearing and the motion for summary judgment, was within their possession at the time plaintiffs filed their opposition brief. Evidence which could have and should have been presented in plaintiffs' response to defendant's motion for summary judgment does not constitute newly discovered evidence justifying the Court to reopen the judgment. *See* C. Wright and A. Miller, 11 *Federal Practice and Procedure* § 2808.

### B. *Failure of Court to Consider Certain Issues*

Plaintiffs argue that a rehearing is required because the Court's order failed to consider: (1) whether the District offered Angelo, the dyslexic child whose educational needs are at issue, a placement that best

meets his educational needs; and (2) what type of IEP should be developed for Angelo and how it should be implemented in the 1988–1989 academic term.

### 1. Angelo's Educational Needs

Plaintiffs' argument that the District must offer Angelo the best program of all those instructional programs that meet his educational needs was, contrary to plaintiffs' contention, considered and rejected by the Court in its decision. The Court already made clear that "an appropriate public education does not mean the absolutely best or the most potential maximizing education for the individual child. Defendant is obliged only to provide handicapped children with access to a 'basic floor of equal opportunity' through a program individually designed to benefit them. Defendant fulfilled this obligation by providing placement reasonably calculated to benefit Angelo." Order at 1156.

### 2. The 1988–1989 School Term

■ Plaintiffs are correct in arguing that the Court did not explicitly address the question of what constitutes appropriate placement for Angelo for the 1988–1989 school term. However, the Court reached this issue by necessary implication in so far as it upheld the IEP that the District prepared for Angelo in the 1987–1988 academic term and the RSP class schedule that implemented his IEP. This finding of the Court as to what was adequate to satisfy Angelo's needs in 1987–1988 would, in the absence of changed circumstances, determine what would be adequate to satisfy his educational needs in the succeeding school year of 1988–1989.

There was no showing made to the Court which would establish changed circumstances, and since the district offers today the same program it offered in 1987–1988, plaintiffs' argument fails. However, to the extent that any ambiguity still remains as to the scope of the Court's prior order, this Court now makes clear that its earlier order also encompasses the 1988–1989 academic term.

### C. Failure of Defendant to Meet its Burden

Plaintiffs' argument that defendant failed to meet its burden of "clearly establishing" the absence of triable issues of material fact essentially miscomprehends the law governing summary judgment. When the defendant is the moving party and satisfactorily complies with Federal Rule of Civil Procedure 56 in moving for summary judgment, the Rule contemplates that the plaintiff make a showing of evidence sufficient to meet its burden of proof on the case-in-chief and does not place upon the defendant the burden of "clearly establishing" anything. To the contrary, defendant only bears the initial burden of "identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issue of material fact." *T.W. Electrical Services, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

Defendant satisfied this burden by presenting to the Court the record below and the agency's decision that the District provided Angelo with appropriate public education. As the Court previously made clear, it was the plaintiffs, and not the defendant, who failed to carry their burden. *See Celotex*, 106 S.Ct. at 2552–54.

### D. Failure of Court to Exercise Independent Judgment

■ Plaintiffs' argument that the Court failed to exercise independent judgment is completely unsound. Although 20 U.S.C. section 1415(e)(2) provides that courts must hear additional evidence and base their decisions on a preponderance of the evidence, the Supreme Court in *Hendrick Hudson Bd. of Educ. v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982), made clear that this provision is not an invitation for the courts to substitute their notions of sound educational policy. The requirement that courts receive the record below impliedly requires courts to give due weight to the administrative proceeding. *Id.*

Contrary to defendant's contention, the Court did independently assess the evi-

dence. In reviewing the agency's findings, the Court considered whether the findings were supported by a preponderance of the evidence. For example, in considering whether Angelo's IEP was reasonably calculated to enable him to receive passing marks and advance from grade to grade, the Court examined Angelo's report cards and test scores. The Court deferred to the agency's decision only after considering the basis for the decision and establishing that it was free of any factual and legal error.

Plaintiffs' claim that the Court failed to consider additional evidence also lacks merit. The Court made clear that "defendant will be entitled to summary judgment only if the agency's decision is free of factual and legal error, *and* if plaintiffs fail to offer any additional, admissible evidence...." Order at 1156 (emphasis added). Although the Court was ready and willing to consider additional evidence, no further evidence was offered on this issue at the time it was considered by the Court.

## II. CONCLUSION

For all of the foregoing reasons, this Court DENIES plaintiffs' motion for rehearing of defendant's motion for summary judgment.

IT IS SO ORDERED.